Leslie Burns (SBN 276687)
leslie@burnstheattorney.com
Burns the Attorney
3305 Cedar Street
San Diego, CA 92102
(619) 246-4121 (telephone)
Attorney for Plaintiff

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DURANT, an individual,<br>Plaintiff,<br><br>vs.<br><br>FOLEY DEVELOPMENT, INC., a California Corporation,<br><br>and<br><br>TIM FOLEY, an individual,<br>Defendants. | CASE No.: '26CV5629 RBM DDL<br><br>**COMPLAINT FOR DIRECT AND VICARIOUS WILLFUL COPYRIGHT INFRINGEMENT WITH DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff John Durant ("Durant"), who states his claims against the defendants, as follows:

## JURISDICTION AND VENUE

1. This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq*. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over defendant Tim Foley ("Foley") by virtue of his residing and doing business in this district.

3. This Court has personal jurisdiction over defendant Foley Development, Inc. ("FDI") because its headquarters is located in and it does business in this district.

4. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (c) and 1400(a).

## THE PARTIES TO THIS COMPLAINT

5. Durant is professional freelance photographer who is a U.S. citizen and domiciled in Carlsbad, California; he is sole member of John Durant Photographer, LLC, a California company, which he created and registered with the state in 2017.

6. According to the California Secretary of State's records, filed on September 10, 2025, FDI is a for-profit California corporation registered under entity number 4839663 and is doing business at 6103 Avenida Picacho Rancho Santa Fe, California 92067; it may be served through its registered agent, Kirk Miller, at 1323 Stratford Court, Del Mar, California 92014.

7. According to those state records cited above, Foley a director and sole officer of FDI; he may be served at 6103 Avenida Picacho, Rancho Santa Fe, California 92067.

8. According to the same state records, there are no other directors of FDI; thus, FDI is presumably a closely-held corporation, if not solely held by Foley.

## OPERATIVE FACTS

9. Durant is a full-time, independent, professional photographer who, for decades, has created photographs that artistically display architecture and its elements which he licenses to others for use.

10. On November 6, 2018, Durant created, was the author of, and at all times owned the copyrights to photographs of Bankers Hill restaurant in San

Diego, California, including the photograph at issue here, shown below in its entirety and as it appears on Durant's website at https://www.johndurant.com/gallery-image/Paul-Basile-Design-Bankers-Hill-Restaurant-San-Diego-California/G0000sPMMtILur6s/I0000SZinp0kiMQ8 (the "Photo"):




11. Durant registered the Photo, with others and prior to any publication of the photographs, with the U.S. Copyright Office, including it in the deposit copies for the registration.

12. Durant received Certificate of Registration number VAu 1-341-129, with an effective date of November 27, 2018, a true copy of which is shown in Exhibit A, attached; therefore, Durant has fulfilled the registration requirement to being suit here, under 17 U.S.C. §411.

13. Further, Durant's registration's Effective Date precedes the infringement complained of and is therefore timely under 17 U.S.C. §412.

14. Durant has complied in all respects with the Copyright Act of 1976, 17 U.S.C. §101, *et seq*., as amended, and all other laws and regulations governing copyrights with respect to the Photo.

15. Durant has never granted an exclusive license for any rights in and to the Photo.

16. FDI is a sophisticated user of photography with dozens of photographs displayed on its websites. *See, e.g.*, https://timfoleycorporation.com, https://www.asanobankershill.com, and https://www.asanofourth.com, generally.

17. FDI also displays its own copyright notice on the bottom of every page of its websites. *See, id.*

18. On or about August 10, 2026, Durant discovered that FDI had reproduced and displayed one of his photographs, the Photo, on two of its websites, specifically https://www.asanobankershill.com, and https://www.asanofourth.com, using it in a commercial manner to advertise and promote FDI's properties as seen in the examples in Exhibit B, attached.

19. FDI stored the Photo on servers under its control at https://resource.rentcafe.com/image/upload/x_0,y_0,w_960,h_783,c_crop/q_auto,f_auto,c_lfill,w_960,ar_1.2698412698412698,g_auto/s3/2/217176/thumbnail_img_2401.jpg ("Server Use"), as seen in Exhibit B.

20. Durant did not license or otherwise authorize FDI to reproduce, display, or in any other manner use his Photo.

21. Durant first discovered FDI's illicit reproduction, display, and distribution of the Photo in August 2026; thus, his claims are well within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

22. Durant's minimum license rate for online use is $3000.00 per photograph.

23. On August 13, 2026, Durant, through counsel, emailed FDI a cease and desist letter, with an offer to settle, via its asserted counsel, Kirk Miller. *See*, https://timfoleycorporation.com/executive-team/.

24. Durant did not receive a response to that email or letter; however, the

Photo was soon removed from front-facing URLs, although it remained live on FDI's server.

25. On August 20, 2026, Durant's counsel followed up via email to Miller to point out that the work was still live on the server.

26. On August 24, 2026, Durant's counsel again reminded Miller of the continued server use, via email.

27. That same day, counsel missed a telephone call from a representative of FDI and received an email directly from FDI and Foley, but did not immediately respond as she believed they were represented by counsel.

28. After receiving confirmation from Miller that he was not representing defendants in this matter, counsel emailed Foley regarding the continued use and her client's offer.

29. The Server Use stopped shortly after that email; however, Defendants did not respond further to Durant's counsel.

30. In a final and good-faith effort to start negotiations, on September 15, 2026, Durant forwarded a draft of this complaint to Defendants, via email and USPS Priority Mail, and stated that if a reasonable and good-faith response to his offer was not received before 12:00p.m. PT, September 28, 2026, the draft would be finalized and filed.

31. No response was received prior to the deadline.

32. Counsel informed Defendants via email, on September 28, 2026 at 12:04p.m. that the deadline had elapsed.

33. At 2:20p.m. that same day, Defendants emailed that they disagreed with the facts as alleged in the complaint but did not include a response to the offer.

34. Counsel emailed in response that Defendants' email was both after the deadline and did not respond to the offer; she added that her client intended to file shortly.

35. No further communication was received from Defendants.

## FIRST CAUSE OF ACTION

(Copyright Infringement by FDI)

36. Durant re-alleges and incorporates by reference Paragraphs 1 through 35 above.

37. FDI obtained the Photo online, most likely from Durant's website.

38. FDI has not compensated Durant for its reproduction, display, and commercial use of the Photo.

39. FDI's conduct violates the exclusive rights belonging to Durant as owner of the copyright in the Photo including, without limitation, Durant's exclusive rights under 17 U.S.C. § 106.

40. As a direct and proximate result of its wrongful conduct, FDI has realized and continues to realize profits and other benefits rightfully belonging to Durant for the Photo. Accordingly, Durant seeks an award of actual damages pursuant to 17 U.S.C. § 504.

41. Since the effective date of the Photo's copyright registration preceded the infringement complained of here, the registration is timely under 17 U.S.C. § 412; therefore, Durant is entitled to and seeks statutory damages for FDI's infringement of the Photo, as well as attorney's fees and costs, under 17 U.S.C. §§ 504 and 505.

42. Because FDI displays a plethora of photographs on its websites, it either understands the need to license photographs or ignores the copyright status of all the photography it uses.

43. FDI includes its copyright notice on its websites.

44. Therefore, FDI understands copyright applies to websites and the photographs that appear on them or it systematically ignores the copyright status of the photographs it reproduces and displays.

45. Since FDI's reproduction and display of the Photo was done either (1) with actual or constructive knowledge such use was unauthorized, or (2) with

recklessness as to the Photo's copyright status, this infringement was willful; Durant is therefore entitled to and seeks the recovery of enhanced statutory damages for ABBA PM's willful infringement of the Photo, under 17 U.S.C. § 504.

## SECOND CAUSE OF ACTION

(Vicarious Infringement by Tim Foley)

46. Durant re-alleges and incorporates by reference Paragraphs 1 through 45, above.

47. As owner, sole director, and officer of FDI, Foley had (1) a legal right to stop or limit FDI's directly infringing conduct, including the reproduction and display of the Photo, and (2) the practical ability to do so.

48. Additionally, as owner-officer-director of FDI, Foley gained a direct financial benefit from its direct infringement via, at minimum, increased customer goodwill and sales derived from that goodwill and increased equity value generated from the illicit use of the Photo and the representations made by its use.

49. As such, Foley had: (1) the right and ability to supervise or control the infringing activity; and, (2) a direct financial benefit from that activity; therefore, Foley is vicariously liable, jointly and severally with FDI, for its direct infringement here.

50. As a direct and proximate result of Foley's vicarious infringement, Durant has suffered injuries and damages.

## PRAYER FOR RELIEF

Plaintiff prays for judgment as follows:

1. Declare that the FDI's unauthorized conduct violates Durant's rights under common law and the Federal Copyright Act;

2. Order that FDI directly infringed on Durant's copyright in and to the Photo and is liable for the infringement;
3. Order that FDI's infringement was legally willful;
4. Order that Tim Foley is vicariously liable, jointly and severally with FDI, for its direct infringement of Durant's copyright in and to the Photo, including FDI's willfulness;
5. Order Defendants to account to Durant for all gains, profits, and advantages derived by Defendants due to their infringements of Durant's copyrights in and to the Photo; or such damages as are proper;
6. Award Durant profits and actual damages in such amount as may be found under 17 U.S.C. § 504 (b) for Defendants' infringing the copyrights in the Photo;
8. Alternatively, award statutory damages in the amount of $25,000, under 17 U.S.C. § 504 (c)(1); or such other amount as may be proper under 17 U.S.C. § 504;
9. Upon a finding that Defendant(s) willfully infringed Durant's copyrights in the Photo, award Durant statutory damages in the amount of $100,000, under 17 U.S.C. § 504 (c)(2); or such other amount as may be proper under 17 U.S.C. § 504;
10. Award Durant his costs, reasonable attorney's fees, and disbursements in this action, under 17 U.S.C. § 505;
11. Enter a permanent injunction enjoining Defendants from engaging in any further acts of copyright infringement of the Photo; and,
12. For such other and further relief as the Court may deem just and proper.

Plaintiff demands a jury trial on all of the foregoing claims.

This first day of October, 2026.

Respectfully submitted,

Leslie Burns (CA Bar No. 276687)
*Attorney for Plaintiff, John Durant*
*leslie@burnstheattorney.com*